IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02821-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

TULUS MANUMPAK SUGONDO,

      Petitioner,

v.

JUAN BALTAZAR, Warden,
ROBERT HOGAN, AFOWC, and
TODD LYONS, WO1, Attorney General,

      Respondents.

---

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

Petitioner Tulus Manumpak Sugondo is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and submitted a check to pay the $5.00 filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

However, the District of Colorado's Finance Department has informed the Court that Petitioner's check has been returned—*i.e.*, the check has "bounced." Therefore,

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

Petitioner is directed to cure the following deficiencies to pursue any claims in this action. Any papers that Petitioner files in response to this order must be labeled with the civil action number provided on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __ is not submitted

(2) __ is missing affidavit

(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing

(4) _X_ is missing certificate showing current balance in GEO Aurora resident account

(5) __ is missing required financial information

(6) __ is missing authorization to calculate and disburse filing fee payments

(7) __ is missing an original signature by the prisoner

(8) __ is not on proper form (must use the court's current form Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action)

(9) __ names in caption do not match names in caption of complaint, petition or habeas application

(10) _X_ other: Although Petitioner submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and the Court denied the motion as moot based on the mistaken assumption that Petitioner had paid the filing fee, the motion was incomplete because it did not include a certificate showing the current balance in Petitioner's GEO Aurora resident account. Thus, Petitioner must submit a fully completed § 1915 motion and affidavit, with the resident account statement, if Petitioner is unable to pay the $5.00 filing fee in full.

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above within thirty (30) days from the date of this order. Any papers that Petitioner files in response to this order must include the civil action number provided at the top of this order. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the following District of Colorado form: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 in a Habeas Corpus Action. This form, along with the applicable instructions, can be found (with the assistance of a case manager or the facility's legal assistant) at www.cod.uscourts.gov. Petitioner may pay the $5.00 filing fee in full instead of filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. It is

FURTHER ORDERED that, if Petitioner fails to cure all designated deficiencies within thirty (30) days from the date of this order, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED July 1, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge